UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAYME JOHN NELSON,<br><br>Plaintiff,<br><br>vs.<br><br>PDL of Duluth, Inc. d/b/a Club Saratoga,<br><br>Defendant. | Case No:<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMES NOW** the Plaintiff, Jayme John Nelson, by and through his attorneys, and for his claim and causes of action against the above-named Defendant, states and alleges as follows:

I. THE PARTIES

1. Plaintiff Jayme John Nelson is a resident of Truckee, Nevada County, California.

2. Defendant PDL of Duluth Inc. is a Minnesota corporation and is the owner and operator of Club Saratoga adult entertainment center in Duluth Minnesota according to its liability insurer. The exact nature of the ownership and relationship of PDL of Duluth Inc. and Club Saratoga is unknown to plaintiff at the present time. The principal place of business for PDL of Duluth, Inc. is in Duluth, Minnesota.

II. JURISDICTION AND VENUE

3. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Plaintiff is a resident of the State of California. Defendant is a Minnesota corporation with its principal place

1

of business in Minnesota.   Therefore, complete diversity of citizenship exists.   The amount in controversy, exclusive of interest and costs exceeds the sum or value of $75,000.

4. Venue in this District of Minnesota is proper pursuant to 28 U.S.C. § 1391 because Defendant is located in this District, and the error or omissions on which the claims asserted herein are based occurred in this District.

COUNT ONE: RESPONDEAT SUPERIOR

5. On August 22, 2021, plaintiff entered Club Saratoga, Defendant's place of business, and was almost immediately attacked by Nicholas Wosmek, also known as Nick Wosmek. Wosmek was employed by defendant and was acting in the scope of employment as a bouncer and/or manager.   Wosmek, a Golden Gloves boxer hit Jayme Nelson in the head with such force that it knocked him to the floor.   Plaintiff left the bar.   Wosmek followed him outside, made threats including "you're gonna get hurt kid" and hit him in the head with a boxer's roundhouse punch causing severe injuries.

6. As a direct result of the assault and battery by defendant's employee Wosmek, plaintiff sustained serious injuries including but not limited to complex comminuted fractures of the facial bones, the maxillary sinus wall, the left zygomatic arch and a displaced fracture of the frontal process of the zygomatic bone (the wall of the left orbit), concussion, closed head injuries and jaw injuries.   The exact nature and extent of plaintiff's other injuries are unknown at the present time.

7. The injuries were inflicted by defendant's employee within work-related limits of time and place and were related to the duties of the employee as a bouncer and manager.

8. Defendant is liable under the principle of Respondeat Superior for the injuries caused by its employee committed within the course and scope of his employment as a bouncer and manager.

## COUNT TWO: NEGLIGENT HIRING

9. Defendant had actual and constructive knowledge that Wosmek was a predatory offender who had a propensity to engage in criminally violent attacks and other criminal behavior predictive of dangerousness to patrons of Club Saratoga. Defendant was negligent in hiring Wosmek as a bouncer, and said negligence was a cause of the injuries to plaintiff.

## COUNT THREE: NEGLIGENT RETENTION

10. Defendant had actual and constructive knowledge that employing Wosmek as a bouncer posed a serious threat of injury to invitees and was negligent in retention of Wosmek. Prior to his attack on Jayme Nelson, on June 2, 2021, Wosmek, acting within the scope of his employment as a bouncer had attacked another victim in the Club Saratoga also causing skull fractures and other serious head injuries. Before that attack, Wosmek lifted his shirt to display a Golden Gloves tattoo before throwing the punch that knocked out that victim. This attack was witnessed by other employees and managers of defendant. The police were called and found the victim lying unconscious in the entry vestibule of Club Saratoga on his back in a pool of his own blood. This was the same location where plaintiff Jayme Nelson was first attacked by Wosmek.

11. Following the June 2, 2021 attack, Wosmek was charged with felony assault in violation of Minnesota Statute 609.223.1 and was jailed. Following his release on bail, defendant welcomed him back to work as a bouncer with actual knowledge of his character and propensity to engage in criminal attacks resulting in serious injuries to patrons. Defendant was negligent in

retaining Wosmek, a dangerous person, and as a direct result of this negligent retention, plaintiff sustained serious injuries in a foreseeable similar attack by Wosmek.

### COUNT FOUR: DELIBERATE DISREGARD FOR SAFETY OF OTHERS

12. Defendant acted with deliberate disregard for the safety of others in hiring and in retaining Wosmek.  Defendant had knowledge of facts or intentionally disregarded facts that create a high probability of injury to the rights and safety of others.  Defendant deliberately proceeded to act in conscious or intentional disregard and with indifference to the high probability that Wosmek would attack other patrons like plaintiff Jayme Nelson. Plaintiff herby provides notice and reserves the right to move to amend the complaint to allege violation of Minn. Stat. § 549.20 pursuant to Rule 15 of the Federal Rules of Civil Procedure and/or Minn. Stat. § 549.191.

13. As a direct result of the negligence and misconduct of defendant, plaintiff sustained serious permanent injuries causing pain and suffering, will experience pain and suffering in the future, has incurred medical expenses and economic damages.

### COUNT FIVE:   NEGLIGENT TRAINING AND SUPERVISION

14. Defendant was at all times material hereto under a duty to use ordinary care to prevent foreseeable misconduct by its employees which may result in bodily harm to persons on its premises.

15. Defendant employer breached said duty by failing to train, supervise, discipline, or terminate its employee to prevent him from using excessive force and from attacking persons on its premises.

16. Defendant's employee was acting within the scope of his employment and the acts referenced herein occurred on Defendant's premises.

17.   The attack on Jayme Nelson was foreseeable and preventable by the exercise of reasonable care.  Defendant failed to exercise reasonable care in training, supervising, and disciplining Wosmek.

18.   As a direct result, Plaintiff Jayme Nelson sustained serious and permanent injuries which were caused in part by Defendant's negligent failure to train, supervise, discipline, or terminate Wosmek.

**WHEREFORE,** Plaintiff Jayme John Nelson prays judgment against the above-named defendants, and each of them, for recovery of reasonable damages in an amount greater than Seventy-Five Thousand Dollars ($75,000.00), together with interest thereon as provided by law, and for his costs and disbursements herein and for such other and further relief to which he may appear entitled.

                                         **BREMSETH LAW FIRM, P.C.**

Dated: October 28, 2021            _/s/Keith E. Ekstrom_
                                         Keith E. Ekstrom Atty ID 181808
                                         Fredrick A. Bremseth Atty ID 11149
                                         601 Carlson Parkway, Suite 1050
                                         Minnetonka, Minnesota 55305
                                         Telephone: 952-475-2800
                                         Facsimile:   952-475-3879

                                         ATTORNEYS FOR PLAINTIFF